IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GLOBAL CASH NETWORK, INC.**, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**WORLDPAY, US, INC.**, a Georgia Corporation, f/k/a, **RBS WORLDPAY, INC.**, a Georgia Corporation, f/k/a **LYNK SYSTEMS, INC.**, a Georgia Corporation,<br><br>Defendant. | Case No. 15 C 5210 |

## MEMORANDUM ORDER

Global Cash Network, Inc. ("Global Cash") has just filed its response to the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by defendant Worldpay, US, Inc. ("Worldpay"). Although that motion by Worldpay is not yet ripe for decision (this Court has followed its normal practice of setting a status date shortly after the filing of the response to a motion to see whether a reply is called for, rather than automatically setting a Pavlovian one-two-three filing schedule at the outset), one facet of Global Cash's response should be dealt with now.

As to Global Cash's Count I sounding in breach of contract, Worldpay's motion has raised a limitations problem based on its assertion that Georgia has a six-year statute of limitations. Global Cash's counsel has responded in this fashion (Resp. 2):

> This is correct, except that, for instruments which are executed under seal, the Georgia statute of limitations is twenty years. See O.C.G.A. § 9-3-23. The May 9, 2003 contract was executed under seal and expressly points this out:
>
>> IN WITNESS WHEREOF the parties have hereunto set their hands and seals the day and year first written above.

But that contention is frankly irresponsible, for even a modicum of research would have turned up a number of Georgia cases that hold, to quote from a recent one (Perkins v. M & M Office Holdings, LLC, 303 Ga. App. 770, 695 S.E.2d 82 (2010)):

> The law is clear that to constitute a sealed instrument, there must be both a recital in the body of the instrument of an intention to use a seal and the affixing of the seal or scroll after the signature." (Punctuation omitted; emphasis supplied.) McCalla v. Stuckey, 233 Ga. App. 397, 398 (504 SE2d 269) (1998), citing Chastain v. L. Moss Music Co., 83 Ga. App. 570 (64 SE2d 205) (1951). It is undisputed that when the Agreement was executed initially, it was not a contract under seal because, while it contained a recital of an intention to use a seal, the word "Seal" did not appear by either party's signature and a seal was not otherwise affixed to the instrument. Koncul Enterprises v. Fleet Finance, 279 Ga. App. 39, 41 (1) (a) (630 SE2d 567) (2006) (contract not under seal where it contained recital of intent to use seal but bore no seal).

That second requirement was clearly not satisfied here -- in that respect this case is on all fours with Perkins and the other Georgia precedent to the same effect. Accordingly Worldpay's counsel need not be concerned with that meritless aspect of Global Cash's response. This Court expects Global Cash's counsel to recede (gracefully, it is hoped) from its position in that regard at the previously-scheduled October 6 status hearing.

_____
  Milton I. Shadur
  Senior United States District Judge

Date: October 1, 2015