**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GLOBAL CASH NETWORK, INC.**, an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 5210 ) |
| **WORLDPAY, US, INC.**, a Georgia Corporation, f/k/a, **RBS WORLDPAY, INC.**, a Georgia Corporation, f/k/a **LYNK SYSTEMS, INC.**, a Georgia Corporation, | ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Worldpay, US, Inc. ("Worldpay") has filed its Answer and Affirmative Defenses to the now-narrowed Complaint brought against it by Global Cash Network, Inc. ("Global Cash"). Because that responsive pleading surprisingly repeats a clearly erroneous assertion in a number of places, this memorandum order is issued sua sponte to address that matter.

Each of Answer ¶¶ 1, 5, 6, 9, 10 and 21 invokes the disclaimer provision of Fed. R. Civ. P. ("Rule") 8(b)(5) that is made available for use by a defendant to address allegations by a plaintiff that cannot be dealt with by an admission or denial as Rule 8(b)(1)(B) requires. But then having done so, defense counsel goes on to state in each of those paragraphs:

> Accordingly, said allegations are denied.

It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it.

Because such a denial is at odds with the pleader's obligations under Rule 11(b), the above-quoted sentence is stricken from each of the paragraphs of the Answer where it appears.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 11, 2016